**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

MAYWEATHER PROMOTIONS, LLC,

                        Plaintiff,

          -against-

PAC ENTERTAINMENT WORLDWIDE,
LLC,

                        Defendant.
-------------------------------------------------------------------X

**ORDER**

**21-CV-4378 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In September 2023, Judge Rearden referred various outstanding discovery matters to this Court. Dkt. No. 122.

The first issue involves a dispute over subpoenaed bank records. Back in March 2023, Plaintiff Mayweather Promotions, LLC submitted a letter motion seeking "a conference in support of Promotions' anticipated motion to quash" a subpoena issued by Defendant PAC Entertainment. Dkt. No. 106, 106-1. The subpoena was for "all bank account activity" for accounts at First Security Bank of Nevada, the bank of Plaintiff's tax counsel and the bank designated for payment under the contract giving rise to the Parties' dispute. Dkt. No. 106 and 107.

In late May 2023, Judge Rearden issued an Order granting "Plaintiff's request to move to quash Defendant's document subpoena on First Security Bank of Nevada." Dkt. No. 118. In September 2023, Judge Rearden's referral to this Court included "Plaintiff's anticipated motion to quash Defendant's subpoena to First Security Bank of Nevada (e.g., ECF No. 106)," among other discovery matters. Dkt. No. 122.

However, Plaintiff's "anticipated motion to quash" the subpoena was never filed. The Court is unaware if the Defendant withdrew the subpoena to First Security Bank of Nevada or if the Parties otherwise resolved the matter. The Parties shall submit a letter **by January 21st** updating the Court as to the status of the First Security Bank of Nevada subpoena.

The second issue involved a dispute over whether a potential witness should be deposed via video or telephone. On September 8th, the Defendants filed a letter motion seeking to compel non-party Al Haymon to "appear for an in-person or remote video deposition." Dkt. No. 120. Counsel for Plaintiff, on behalf of Mr. Haymon, submitted a letter in opposition objecting that "Mr. Haymon does not own or operate a computer" and that "PAC has not articulated any basis on which PAC will be prejudiced should the deposition proceed telephonically…" Dkt. No. 121 *citing* Fireman's Fund Ins. Co. v. Zoufaly, No. 93-CV-1890 (SWK), 1994 WL 583173 (S.D.N.Y. Oct. 21, 1994). However, unlike the telephone deposition proposed by Plaintiffs, "[d]eposition by video allows the party to view the witness's demeanor during questioning." In re Terrorist Attacks on Sept. 11, 2001, 03-MDL-01570 (GBD)(SN), 337 F.R.D. 575, 578 (S.D.N.Y. 2020) *citing* Usov v. Lazar, No. 13-CV-818 (RWS), 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015); see also Tangtiwatanapaibul v. Tom & Toon Inc., No. 17-CV-00816 (LGS)(KHP), 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017); DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 30 (2d Cir. 2002). The case cited by the Plaintiffs, Fireman's Fund Ins. Co. v. Zoufaly, can be distinguished because there, it was the deposing party that wished to

conduct the deposition via telephone. See Fireman's Fund Ins. Co. v. Zoufaly, No. 93 CIV. 1890 (SWK), 1994 WL 583173 (S.D.N.Y. Oct. 21, 1994) ("…if the party seeking the deposition is prepared to conduct its portion without a face-to-face encounter with the witness, there is no reason not to permit it to do so, with any other party free to question the witness in person, thus avoiding any prejudice while reducing expenses."). Therefore, Mr. Haymon must sit for a deposition. Mr. Haymon may elect whether to attend the deposition in person or via video.

Third, there remains a dispute over an outstanding Rule 30(b)(6) subpoena to non-party ShowTime Networks, Inc ("ShowTime"). Dkt. Nos. 112, 114. ShowTime argues that "the Parties and their alleged agents [should] first…complete discovery that is likely to obviate the need for any [ShowTime] deposition at all." Dkt. No. 112. ShowTime emphasizes that non-parties Haymon, McNair, and Browne-Owens are "closely affiliated" with Mayweather Promotions and "better placed to provide the information sought" than ShowTime. Dkt. No. 112. On the other hand, Defendant argues that due to "an email reflecting that [ShowTime] had assisted Mayweather Promotions in revising a distribution agreement regarding the Floyd Mayweather-Logan Paul fight…[ShowTime] is uniquely positioned to explain the events which transpired…." Dkt. No. 114.

So long as the discovery is "relevant to any party's claim or defense" and not unduly burdensome, under Rule 30(b)(6), "when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Agniel v. Cent. Park Boathouse

3

LLC, No. 12-CV-7227 NRB, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015) *citing* Reilly v. NatWest Markets Grp., Inc., 181 F.3d 253, 268 (2d Cir.1999); see also Fed. R. Civ. P. 26. The noticed topics in the subpoena are narrowly tailored to the internal and external "communications pertaining to a boxing match between Logan Paul and Floyd Mayweather, Jr." and "agreements…related to the fight." See Dkt. No. 112-1. Therefore, the "topics on which testimony is sought" are relevant and have been described "with reasonable particularity." See Winfield v. City of New York, No. 15 Civ. 5236 (LTS) (KHP), 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018); see also Local 3621, EMS Officers Union *et al.*, v. City of New York *et al.*, No. 18-CV-4476(LJL)(JW), 2023 WL 8804257 (S.D.N.Y. Dec. 20, 2023). Accordingly, ShowTime's request for a conference in anticipation of a motion to quash the Rule 30(b)(6) deposition is DENIED without prejudice.

However, the Court credits ShowTime's argument that non-parties Haymon, McNair, and Browne-Owens are allegedly "closely affiliated" with Mayweather Promotions and perhaps "better placed to provide the information sought" than ShowTime. Dkt. No. 112. For this reason, the 30(b)(6) deposition of ShowTime shall occur after the depositions of non-parties Haymon, McNair, and Browne-Owens. See Crawford-El v. Britton, 523 U.S. 574 (1998)("the court may…set the timing and sequence of discovery."); see also Onate v. AHRC Health Care, Inc., No. 20-CV-8292(LGS)(JW), Dkt. No. 156 (S.D.N.Y. Mar. 1, 2023)(setting the timing and sequence of discovery to allow for more informed witness preparation and increased flexibility in scheduling); see also Fed. R. Civ. P. 26(d).

**By January 21st**, the Parties shall submit a status update informing the Court of the schedule for any remaining document discovery or depositions.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 112 and 120.**

SO ORDERED.

DATED:   New York, New York
            January 10, 2024

                                          JENNIFER E. WILLIS
                                          United States Magistrate Judge